# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 13, 2020

157667 & (47)

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellant/
          Cross-Appellee,

v

GREGORY WINES,
          Defendant-Appellee/
          Cross-Appellant.

SC: 157667
COA: 336550
Kent CC: 93-064278-FC

_____/

By order of April 5, 2019, the application for leave to appeal the March 8, 2018 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant were held in abeyance pending the decision in *People v Turner* (Docket No. 158068). On order of the Court, the case having been decided on January 17, 2020, 505 Mich 954 (2020), the application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

The application for leave to appeal as cross-appellant is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the Court of Appeals judgment addressing the defendant's arguments regarding his sentences for kidnapping and armed robbery and finding them beyond the scope of the appeal. At the resentencing for first-degree murder held pursuant to MCL 769.25a and *Miller v Alabama*, 567 US 460 (2012), the trial court had authority to consider the defendant's arguments regarding his sentences for armed robbery and kidnapping. See *Turner*, *supra*. We REMAND this case to the Kent Circuit Court for further proceedings not inconsistent with this order. On remand, the trial court shall consider the defendant's arguments regarding the validity of his robbery and kidnapping sentences and may exercise its discretion to resentence him for those convictions, in particular "if it finds that the sentence[s] [were] based on a legal misconception that the defendant was required to serve a mandatory sentence of life without parole on the greater offense." *Turner*, *supra*.

We do not retain jurisdiction.

MARKMAN, J. (*concurring in part and dissenting in part*).

I concur with this Court's decision to reverse that part of the Court of Appeals judgment addressing defendant's arguments concerning his sentences for kidnapping and armed robbery and to remand to the trial court for consideration of whether to resentence defendant for those convictions. However, I dissent from the Court's decision to deny the prosecutor's application for leave to appeal. The prosecutor argues that the Court of Appeals erred by holding that the trial court must consider the "distinctive attributes of youth, such as those discussed in [*Miller v Alabama*, 567 US 460 (2012)]," even where the prosecutor has *not* sought a sentence of life imprisonment without the possibility of parole. *People v Wines*, 323 Mich App 343, 352 (2018). Because I am inclined to agree with the prosecutor, and because there are significant consequences for our juvenile justice system, I would grant leave to appeal.

In *Miller*, the United States Supreme Court held that "children are constitutionally different from adults for purposes of sentencing." *Id.* at 471.

> First, children have a lack of maturity and an underdeveloped sense of responsibility, leading to recklessness, impulsivity, and heedless risk-taking. Second, children are more vulnerable to negative influences and outside pressures, including from their family and peers; they have limited control over their own environment and lack the ability to extricate themselves from horrific, crime-producing settings. And third, a child's character is not as well formed as an adult's; his traits are less fixed and his actions less likely to be evidence of irretrievable depravity. [*Id.* (citations, quotation marks, ellipses, and brackets omitted).]

Given these asserted differences, *Miller* held that "*mandatory* life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " *Id*. at 465 (emphasis added). Instead, before such a sentence can be imposed upon a juvenile, the sentencing court must first consider: "[defendant's] chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences"; "the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional"; "the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him"; whether "he might have been charged [with] and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys"; and "the possibility of rehabilitation . . . ." *Miller*, 567 US at 477-478. These are commonly referred to as the *Miller* factors.

In response to *Miller*, our Legislature adopted MCL 769.25, which provides, in pertinent part:

> (4) If the prosecuting attorney does not file a motion [to sentence the defendant to life without parole] within the time periods provided for in that subsection, the court shall sentence the defendant to a term of years as provided in subsection (9).
>
> * * *
>
> (6) If the prosecuting attorney files a motion [to sentence the defendant to life without parole], the court shall conduct a hearing on the motion as part of the sentencing process. At the hearing, the trial court shall consider the factors listed in [*Miller v Alabama*, 567 US 460], and may consider any other criteria relevant to its decision, including the individual's record while incarcerated.
>
> * * *
>
> (9) If the court decides not to sentence the individual to imprisonment for life without parole eligibility, the court shall sentence the individual to a term of imprisonment for which the maximum term shall be not less than 60 years and the minimum term shall be not less than 25 years or more than 40 years. [See also MCL 769.25a.]

Thus, pursuant to this statute which itself was enacted pursuant to a sharply divided 5-4 decision by the United States Supreme Court in *Miller*, "[i]f the prosecuting attorney files a motion [to sentence the defendant to life without parole,] . . . the trial court shall consider the factors listed in [*Miller v Alabama*] . . . ." MCL 769.25(6). However, if the prosecutor does *not* file such a motion-- as here-- there is no obligation imposed by either the United States Supreme Court or our Legislature to consider such factors. In other words, extending *Miller* into this new realm simply lacks warrant in either *Miller* or in the statute enacted in furtherance of *Miller*. Moreover, such an extension lacks any warrant in any previous decision of *this* Court.

The Court of Appeals in this case held:

> [T]here is no *constitutional* mandate requiring the trial court to specifically make findings as to the *Miller* factors except in the context of a decision whether to impose a sentence of life without parole. We further conclude that when sentencing a minor convicted of first-degree murder, when the sentence of life imprisonment without parole is not at issue, the court should be guided by a balancing of the *Snow* objectives[1] and in that

---

[1] The *Snow* objectives are " '(1) reformation of the offender, (2) protection of society, (3) punishment of the offender, and (4) deterrence of others from committing like

context is required to take into account the attributes of youth, such as those described in *Miller*. [*Wines*, 323 Mich App at 352.]

Finally, the Court of Appeals concluded that "a failure to consider the distinctive attributes of youth, such as those discussed in *Miller*, when sentencing a minor to a term of years pursuant to MCL 769.25a so undermines a sentencing judge's exercise of his or her discretion as to constitute reversible error." *Id.*

To begin with, it is not at all clear what exactly the Court of Appeals, and now this Court, are requiring trial courts to do when sentencing a minor convicted of first-degree murder when the sentence of imprisonment without parole is not at issue. Is "tak[ing] into account the attributes of youth" distinguishable in some way from considering the *Miller* factors and, if so, what is that distinction? Before *Miller* is extended to apply to term-of-years sentences, in *whatever* manner it is now apparently being extended, this Court should clarify exactly *what* are the new obligations being imposed upon the juvenile sentencing process and exactly *why* we are imposing such new obligations. Some justification would seem to be in order for why, without either public discussion or legislative charge, this Court would now extend the transformation of our process for sentencing the most serious juvenile offenders-- a process initiated in a 5-4 decision of the United States Supreme Court-- far beyond the boundaries even of that decision.

The concurring statement contends that the Court of Appeals did not extend *Miller* to apply to term-of-years sentences. However, the Court of Appeals itself stated, "We disagree with the prosecution . . . to the extent that it argues that because *Miller*'s constitutional holding is limited, the Supreme Court's opinion has *no* application to [term-of-years sentencing]." *Id.* at 350. The concurring statement further asserts that "the Court of Appeals decision below stands for the unremarkable principle that traditional penological goals should guide a trial court's sentencing discretion and that the age of a particular defendant *may* affect the analysis of those traditional penological goals." (Emphasis added). However, the Court of Appeals did more than simply say that the trial court *may* consider a defendant's age; rather, it held that the trial court "is *required* to take into account the attributes of youth, such as those described in *Miller*" and that a failure to do so "constitute[s] reversible error." *Id.* at 352 (emphasis added).

This Court just heard oral arguments in a case in which the issue posed is whether *Miller* should be extended to *nonjuvenile* offenders. See *People v Manning*, 505 Mich 881 (2019). Before we impose upon our trial courts the new sentencing obligations asserted in the instant case to consider the *Miller* factors or the so-called "attributes of youth" to term-of-years sentences, we should hear oral arguments as we did in *Manning*. Accordingly, I would grant leave to appeal in this case.

---

offenses.' " *Wines*, 323 Mich App at 351, quoting *People v Snow*, 386 Mich 586, 592 (1972).

ZAHRA, J., joins the statement of MARKMAN, J.

CLEMENT, J. (*concurring*).

I concur in the order denying leave as to the application for leave to appeal, as I believe that the Court of Appeals decision below stands for the unremarkable principle that traditional penological goals should guide a trial court's sentencing discretion and that the age of a particular defendant may affect the analysis of those traditional penological goals. I respectfully disagree with the prosecutor and with my dissenting-in-part colleague that this holding represents an extension of *Miller v Alabama*, 567 US 460 (2012), into term-of-years resentencing under MCL 769.25(4) and MCL 769.25a(4)(c). The Court of Appeals decision does not hold that the Eighth Amendment requires specific consideration of each attribute of youth identified in *Miller*, nor does it require that the trial court make explicit findings as to each of these attributes on the record. See *People v Wines*, 323 Mich App 343, 352 (2018) ("[T]here is no *constitutional* mandate requiring the trial court to specifically make findings as to the *Miller* factors except in the context of a decision whether to impose a sentence of life without parole."). The Court of Appeals decision requires only that when the trial court exercises its discretion in sentencing a defendant that it consider the defendant's age, a nonconstitutional holding that is consistent with the traditional penological goals expressed by this Court in *People v Snow*, 386 Mich 586, 592 (1972). Because age must be considered in this context, *Miller*'s discussion of the unique attributes of youth is applicable—but its holding remains confined to life-imprisonment-without-parole sentences.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 13, 2020



Clerk

t1110